UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA EVA MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO COUNTY, and DOES 1-100,<br><br>　　　　　Defendants. | No. 1:16-cv-01140-DAD-SKO<br><br>ORDER CORRECTING CLERICAL ERROR AND REOPENING CASE TO RESOLVE MARIA EVA MARTINEZ'S CLAIMS AGAINST THE COUNTY OF SAN DIEGO<br><br>(Doc. No. 26) |

On January 18, 2017, the court entered judgment in favor of plaintiff Maria Eva Martinez and against defendant County of Tulare according to the terms of an offer and notice of judgment pursuant to Federal Rule of Civil Procedure 68(a). (Doc. No. 23.) That order, however, erroneously vacated all future dates and hearings in the matter and directed the Clerk of the Court to close the case. (*Id.*) This aspect of the order was obviously issued by the court in error since plaintiff Martinez's claims against defendant County of San Diego remain unresolved and were not addressed in the offer of judgment which was the subject of the court's January 18, 2017 order. On January 25, 2017, plaintiff filed a motion to correct the court's clerical mistake. (Doc. No. 26.) Federal Rule of Civil Procedure 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The court may do so on motion or on

its own, with or without notice." (*Id.*) Accordingly, the court will grant plaintiff's motion and correct the clerical error reflected in its January 18, 2017 order.

Based upon the foregoing,

1) Plaintiff Maria Eva Martinez's motion to correct a clerical mistake in the court's January 18, 2017 order (Doc. No. 26) is granted.

2) The Clerk of the Court is directed to reopen the case with regard to plaintiff's claims brought against the defendant County of San Diego;

3) The March 7, 2017 hearing on plaintiff's motion to correct a clerical mistake (Doc. No. 26) is hereby vacated; and

4) The matter is referred back to the assigned magistrate judge for amendment of the scheduling order, if necessary.[1]

IT IS SO ORDERED.

Dated:  **January 29, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] Counsel for plaintiff has advised that when the court on January 18, 2017, erroneously vacated all pending dates and directed the Clerk of the Court to close the case even though it was apparent that judgment was being entered only against defendant County of Tulare and that plaintiff's claims against defendant San Diego County were still pending, that counsel for the latter defendant cancelled plaintiff's scheduled deposition and indicated that no responses to pending discovery requests would be provided in light of the court's order. (Doc. No. 26 at 3.)  If that is the case, the undersigned is disappointed.  The aspect of the order vacating pending dates was obviously entered in error and was certain to be corrected.  Counsel clearly should have continued to move forward with discovery.  If the current discovery cut-off and other dates are no longer viable, the parties are directed within two weeks of the service of this order to submit a proposed stipulation and order modifying those dates for the assigned magistrate judge's consideration.  If a stipulation cannot be reached requiring the filing of a motion to modify the scheduling order, counsel are forewarned that sanctions may be imposed against any party who is not proceeding with discovery in good faith.