UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA EVA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY; and DOES 1-100,<br><br>Defendants. | No. 1:16-cv-01140-DAD-SKO<br><br>ORDER DENYING DEFENDANT SAN DIEGO COUNTY'S MOTION TO DISMISS AND MOTION TO TRANSFER<br><br>(Doc. Nos. 30 and 33) |

Plaintiff Maria Eva Martinez filed this action on August 3, 2016 alleging: (1) violations of the Fourth and Fourteenth Amendments against defendant Tulare County; (2) interference with a constitutionally protected right in violation of California Civil Code § 52.1 against defendant Tulare County; (3) false arrest and imprisonment against defendants Tulare County and San Diego County; (4) negligence against defendants Tulare County and San Diego County; and (5) negligent infliction of emotional distress against defendants Tulare County and San Diego County.  (Doc. No. 1.)  Pursuant to plaintiff's acceptance of an offer of judgment under Federal Rule of Civil Procedure ("Rule") 68(a), the court entered judgment in favor of plaintiff Maria Eva Martinez and against defendant Tulare County on January 18, 2017.  (Doc. Nos. 24 and 25.)  After the court corrected a clerical error in that order, only plaintiff's state law claims against defendant San Diego County remained pending.  (Doc. No. 27.)

/////

1

On January 3, 2017, defendant San Diego County moved to dismiss this action, without prejudice, for lack of subject matter jurisdiction. (Doc. No. 30.) In the alternative, defendant San Diego County moved to transfer the action to the U.S. District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a). (*Id*.) Plaintiff filed an opposition on February 22, 2017 (Doc. No. 38) and defendant San Diego County filed a reply on February 28, 2017 (Doc. No. 40). The motion came before the court for hearing on March 7, 2017. (Doc. No. 42.) Attorney Caitlin Blythe appeared telephonically on behalf of plaintiff. Senior Deputy County Counsel Robert Ortiz appeared telephonically on behalf of defendant San Diego County. The motion was taken under submission. (*Id*.)

For the reasons set forth below, defendant San Diego County's motion to dismiss or to transfer will be denied.

## I. SUBJECT MATTER JURISDICTION

All federal claims alleged in this action have been resolved and only plaintiff's state law claims against defendant San Diego County remain pending. Where such is the case, the statute governing supplemental jurisdiction provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367. The court's discretion to decline to exercise jurisdiction over state law claims conferred under § 1367(c) is informed by the values of judicial economy, fairness, convenience, and comity. *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

2

claims.'"[1]  *Acri*, 114 F.3d at 1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Plaintiff argues that § 1367(c)(3) is not applicable here because the court did not dismiss plaintiff's federal claims, but rather entered judgment in favor of plaintiff with respect to those claims, and, accordingly, the court does not have discretion to decline to exercise jurisdiction over the remaining state law claims.[2]  (Doc. No. 37 at 10–11.)  Plaintiff, however, has not cited any authority for this proposition.  However, the court finds the decision in *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) to be instructive.[3]  In that case, the Ninth Circuit found that since the plaintiff's federal claims had not been dismissed, but rather default judgment had been granted at to those claims, the exercise of discretion to decline supplemental jurisdiction over the remaining state law claims was not authorized by § 1367(c)(3). *Id*.  The court noted that "our cases upholding the exercise of discretion under § 1367(c)(3) have all involved dismissals for failure to state a claim or a grant of summary judgment to the defendant on the federal claim." *Id*.  The court reasoned that "[i]n each case, we held that it was appropriate for the district court to decline jurisdiction over the supplemental claims because the federal claim had proven to be unfounded." *Id*.  The Ninth Circuit found this to be important in light of the fact that § 1367(c)(3) derives from *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715 (1966), which recognized that a complaint

---

[1] This is in part because, of course, "primary responsibility for developing and applying state law rests with the state courts."  *Curiel v. Barclays Capital Real Estate Inc.*, No. 2:09-cv-03074-FCD-KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).

[2] Defendant San Diego County relies exclusively on § 1367(c)(3) in support of its motion to dismiss, and not on any other subsection of § 1367(c), for the conferring of discretion on the court to decline to exercise its supplemental jurisdiction.  (Doc. No. 30-1 at 5.)  Indeed, defendant San Diego County did not move to dismiss for lack of subject matter until after plaintiff's federal claims against Tulare County had been resolved by a Rule 68(a) offer of judgment.

[3] By minute order on March 2, 2017, the court advised the parties they should be prepared to discuss *Trustees of Constr. Indus.* at the hearing on the pending motion. (Doc. No. 41.)

making an "unfounded claim of federal right" might nonetheless provide a federal court the opportunity to determine an issue of state law. *Trustees of Constr. Indus.*, 333 F.3d at 926 (quoting *Strachman v. Palmer*, 177 F.2d 427, 433 (1st Cir. 1949) (Magruder, C.J., concurring)).

In support of its motion to dismiss, defendant San Diego County relies upon the decision in *Sprigmeyer v. Manjiv*, No. 2:09-cv-00924-GEB-DAD, 2010 WL 2740178, at *2 (E.D. Cal. July 9, 2010). There the court applied § 1367(c)(3) after a state law cross-claim remained after judgment was entered with respect to plaintiff's federal claims pursuant to the plaintiff's acceptance of a Rule 68 offer. The court in *Sprigmeyer*, however, did not address the decision in *Trustees of Constr. Indus.* or its underlying rationale and it appears the parties did not raise that precedent with the court. Indeed, the reasoning of *Trustees of Constr. Indus.* is just as applicable to the circumstance where a judgment entered against federal claims pursuant to a Rule 68(a) offer of judgment as it does to an instance in which a default judgment is entered as to the federal claims. In neither case have the resolved federal claims been proven to be unfounded.[4] The court therefore finds that § 1367(c)(3) does not apply here and cannot provide a basis for the court to decline jurisdiction over plaintiff's remaining state law claims in this action.

In any event, even if this court had authority to exercise discretion in this regard, it would not further the objectives of judicial economy, fairness, and convenience to dismiss this federal action. *See Wright v. Thrifty Payless, Inc.*, No. 2:12-cv-01681-KJM-EFB, 2015 WL 128130, at *2–3 (E.D. Cal. Jan. 7, 2015) (continuing to exercise supplemental jurisdiction after the federal claim had been dismissed where the court had already ruled on a motion to dismiss, the discovery deadline set by the court in its scheduling order had expired, the close of expert discovery deadline was imminent, and the claim originally supporting federal question jurisdiction was not frivolous *ab initio*). Here, this action was filed on August 3, 2016 and the court has since denied a motion to dismiss brought by defendant San Diego County. (Doc. Nos. 1 and 17.) Moreover,

---

[4] If anything, the reasoning of the decision in *Trustees of Constr. Indus.* is even stronger in the case of a plaintiff's acceptance of a Rule 68(a) offer of judgment than in the case involving the entry of a default judgment as to the federal claims "since [Rule 68] provides an inducement to settle those cases in which there is a strong probability that the plaintiff will obtain a judgment." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 346 (1981).

1  discovery is well under way. (*See* Doc. No. 37-1 at 2–4.)  Before the present motion was filed,
2  non-expert discovery was to be completed in this case by February 24, 2017 (Doc. No. 21 at 3).[5]
3  Finally, while there is benefit to having a California court decide the state law claims, the claims
4  that supported federal question jurisdiction were neither "inescapably" frivolous nor subject to
5  dismissal.  *See Wright*, 2015 WL 128130 at *3 (citing *Avila v. Pappas*, 591 F.3d 552, 553 (7th
6  Cir. 2010) and quoting *Hagans v. Lavine*, 415 U.S. 528, 538 (1974)).  Rather, judgment was
7  entered in plaintiff's favor against defendant Tulare County with respect to those federal claims.
8  (Doc. Nos. 24, 25.)

   Accordingly, the court finds that even if it had discretion to decline to exercise jurisdiction over the remaining state law claims that the balance of relevant factors weigh in favor of the court's continuing exercise of jurisdiction over those claims.

## II.    TRANSFER OF VENUE

In the alternate, defendant San Diego County seeks to transfer this case to the U.S. District Court for the Southern District of California.  Pursuant to 28 U.S.C. § 1404(a), a district court may discretionarily transfer a case to any district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a); *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).  "The purpose of § 1404(a) is 'to prevent the waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Lung v. Yachts Int'l*, 980 F. Supp. 1362, 1369 (D. Haw. 1997) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).  A district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 495 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).  The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n*

---

[5] The court's original scheduling order directed the parties to complete all non-expert discovery on or before February 24, 2017, and to complete all expert discovery on or before March 24, 2017.  (Doc. No. 21 at 3.)  On February 14, 2017, after defendant San Diego County's motion to dismiss was filed on February 3, 2017, the court continued the discovery deadlines pursuant to the parties' stipulation with all non-expert discovery now to be completed on or before June 23, 2017 and all expert discovery to be completed on or before July 21, 2017.  (Doc. No. 36 at 2–3.)

*v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). In *Jones,* 211 F.3d at 498–99, the Ninth Circuit listed numerous factors to be considered in deciding whether to transfer a case under 28 U.S.C. § 1404(a). While not every factor will apply in every case, the factors to be considered are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; and (8) the ease of access to sources of proof.

In this action, the parties do not dispute that the action may have been brought in the Southern District of California or that the action was originally properly brought in the Eastern District of California. (*See* Doc. Nos. 30, 37, 40.)[6] Rather, the parties focus on the balance of the other relevant factors. After weighing those factors, the court concludes that San Diego County has not met its burden of demonstrating that transfer is appropriate here.

   *A. Convenience of Witnesses*

The convenience of the witnesses is often the paramount factor in ruling on a motion to transfer under § 1404(a). *See Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Fund v. Amgen, Inc.*, No. 07-5157-PSG, 2008 WL 312309, *5 (C.D. Cal. Jan. 22, 2008). "Importantly, while the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Id*. (citing *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)). Likewise, the convenience of an employee of the party seeking transfer is "entitled to little weight" because "[d]efendants will be able to compel [the employee's] testimony at trial." *See Jaco Envtl. Inc. v. Appliance Recycling Centers of Am., Inc.*, No. C 06-06601-JSW, 2007 WL 951274, at *4 (N.D. Cal. Mar. 27, 2007). To show

---

[6] San Diego County does suggest that in light of the subsequent entry of judgment against defendant County of Tulare, venue is improper in the Eastern District of California because of a lack of substantial events occurring in this district. (Doc. No. 30-1 at 10) (citing 28 U.S.C. § 1391(b)(2). The argument is not persuasive. Venue is proper in this district since the alleged wallet theft and criminal investigation that followed and ultimately led to plaintiff's arrest all occurred in the Eastern District of California. (*See* Doc. No. 1 at 2.)

inconvenience for witnesses, "the moving party should state the witnesses' identities, locations, and content and relevance of their testimony." *Meyer Mfg. Co. Ltd. v. Telebrands Corp.*, No. 2:11-cv-03153-LKK-DAD, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002)); *see also E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("[a]ffidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony").

Plaintiff argues that she intends to rely on third-party witnesses and documents from Tulare County—specifically, plaintiff anticipates that she will call witnesses from a list of seven Tulare County employees with knowledge of the facts alleged in her complaint. (Doc. No. 37 at 15.) Defendant San Diego County counters that the majority of witnesses are located in the transferee district and that transfer will eliminate the need for witnesses to travel and mitigate against unnecessary expenses. (Doc. No. 30-1 at 9.) Defendant San Diego County, however, has not met its burden in this regard by failing to identify by declaration any specific witness that would be inconvenienced by the case remaining in this district. Furthermore, the witnesses located in Tulare County within this district are third-party witnesses, while the witnesses located in the Southern District of California are presumably employees of defendant San Diego County.

*B. Convenience of Parties*

While plaintiff's choice of forum often is a compelling factor leaning against transfer, when the plaintiff does not live in her chosen forum, as is the case here, that factor loses weight in the analysis. *See Berman v. Modell*, No. 2:13-cv-00565-TLN-AC (PS), 2013 WL 5703352 at *9 (E.D. Cal. Oct. 16, 2013); *Lozano v. Giovino*, No. 2:14-cv-02694-TLN-DAD, 2015 WL 5023003, at *3 (E.D. Cal. Aug. 24, 2015). Nevertheless, although San Diego County characterizes this action as occurring entirely in San Diego County, some of the actions alleged by plaintiff in here complaint did take place in this district. Specifically the alleged wallet theft and criminal investigation that led to the issuance of a warrant and to plaintiff's arrest took place in this district. Accordingly, plaintiff's choice of forum is entitled to more than "minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

*C. Interest of Justice*

Defendant San Diego County has identified two specific, pieces of evidence located in the Southern District of California—specifically, CCTV footage confirming that plaintiff was transported to the Las Colinas Detention Center by U.S. Border Patrol and Customs agents and the San Diego Sheriff's Department inmate history form.  (Doc. No. 30-3.)  Defendant San Diego County also argues that costs incurred in connection with this litigation will be less if the matter is transferred to the Southern District and that discovery will involve documents located almost exclusively in the Southern District.  (Doc. No. 30-1 at 10.)  Defendant San Diego County, however, does not identify any reason why producing any of this evidence at trial in this district would be inconvenient other than that ae custodian of records, absent a stipulation of the parties with respect to authenticity, would be required to travel here.  Defendant San Diego County does not allege that discovery in this case implicate any unique types of information that cannot be easily digitized or that any on-site inspections will be required in San Diego.  *See Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 780 (N.D. Cal. 2014) (finding that ease of access to evidence was a neutral factor given the portability of information); *Meyer Mfg. Co.*, 2012 WL 1189765, at *7 (finding that venue would have little impact on the parties' access to sources of proof because the case involved no immobile physical evidence).

Defendant San Diego County also argues that San Diego and its citizens have a local interest in ensuring that its jail facilities and employees are operated in a lawful fashion.  (Doc. No. 40 at 6.)  Courts have transferred actions intra-state when the localized interests weigh strongly in favor of transfer.  *See, e.g., Backcountry Against Dumps v. Abbott*, No. 2:10-cv-00394-FCD-KJN, 2010 WL 2349194, at *1 (E.D. Cal. June 8, 2010) (transferring an environmental action to the Southern District of California because there was "little, if any, nexus between the claims alleged and the Eastern District" and there was a "very substantial connection[ ]" with the Southern District, therefore "transferring the action . . . best serve[d] the interests of justice"); *see also Sierra Club v. U.S. Dep't of State*, No. C 09-04086 SI, 2009 WL 3112102, at *3 (N.D. Cal. Sept. 23, 2009) ("Courts have observed that environmental cases often provide a particularly strong basis for finding a localized interest in the region touched by the

challenged action."). While this action may have a "very substantial connection" with the Southern District, the case also has a strong nexus to the Eastern District. The local interest at issue therefore only slightly favors transfer to the Southern District of California.

   *D. Other Considerations*

Defendant San Diego County next argues that the Eastern District has one of the busiest dockets in the nation and the average time for a case to proceed to trial in the Eastern District is considerably longer than in the Southern District. (*Id*.)[7] However, this court's familiarity with the case, the fact that it has been pending in the Eastern District of California for over seven months now, and that the court has already ruled upon a motion to dismiss brought by the remaining defendant, all weigh against the transfer of this case at this time.

For all of these reasons the court concludes that defendant San Diego County has not carried its burden of demonstrating that the discretionarily transfer of this case to the Southern District of California is appropriate "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). San Diego County has not shown the convenience of the parties or witnesses weigh in favor or a transfer. Further, despite the significant congestion of cases faced by this court, San Diego County has not established that the interests of justice weigh in favor of a change of venue.

/////
/////
/////
/////

---

[7] While the Eastern District of California clearly carries the heaviest caseload of any court within the Ninth Circuit on a per judge basis, and is among the most heavily impacted courts in the country over the past decade by that measurement, the difference in the time it takes for civil cases to proceed to trial in the two impacted districts is not as great as defendant San Diego County suggests. *See* U.S. District Courts, Caseload Statistics 2016, Table C-5, available at http://www.uscourts.gov/sites/default/files/data_tables/stfj_c5_630.2016.pdf (31.4 months median time interval to trial in the Eastern District compared with 29.4 months median time interval to trial in the Southern District). In short, both the Eastern District of California and the Southern District of California are extremely busy courts. Consideration of that factor does not weigh in favor of a discretionary transfer of venue here.

### III. CONCLUSION

Accordingly,

1) Defendant San Diego County's motion to dismiss or, alternatively, to transfer (Doc. No. 30) is denied; and

2) Defendant San Diego County's motion to stay discovery pending the court's ruling on the motion to dismiss (Doc. No. 33) is dismissed as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: **April 3, 2017**

UNITED STATES DISTRICT JUDGE